Matthew A. Rosenthal, Esq. (SBN 279334)
Matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd., Suite 880
Los Angeles, CA 91436
T: (818) 200-1497; F: (818) 574-6022
Attorney for Plaintiff,
JESUS CARLOS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JESUS CARLOS,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER PORTFOLIO SERVICES, INC.,<br><br>Defendant. | **Case No.: 2:16-cv-2598**<br><br>**COMPLAINT**<br><br>**(Unlawful Debt Collection Practices)** |

JESUS CARLOS (Plaintiff), by his attorneys, WESTGATE LAW, alleges the following against CONSUMER PORTFOLIO SERVICES, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367

grants this court supplemental jurisdiction over the state law claims contained herein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Covina, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a business with offices in Irvine, California.

## FACTUAL ALLEGATIONS

10. Since 2015, and specifically within one (1) year prior to the date of filing of this action, Defendant repeatedly collection calls to Plaintiff seeking and demanding payment for an alleged debt owed for an alleged deficiency balance on a motor vehicle.

11. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12. Beginning in or around February of 2016, Defendant placed numerous collection calls to Plaintiff's place of employment at telephone numbers XXX-XXX-8152 and XXX-XXX-0238.

13. Defendant's calls were placed from numbers including, but not limited to,

800-458-8875.

14. In or around February of 2016, Defendant's representative, "John," placed a collection call to Plaintiff's place of employment and spoke with Plaintiff.

15. In the collection call in or around February of 2016, Plaintiff informed Defendant that the called number was his work telephone number, informed Defendant that he was unable to take calls at work, and requested that Defendant cease calling his place of employment. In response, Defendant's representative stated that the calls would continue until Plaintiff made a payment.

16. Despite informing Defendant that he could not receive calls at work, Defendant continues to constantly and consistently place collection calls to Plaintiff's place of employment.

17. Plaintiff fears that Defendant's incessant calls to his place of employment will result in serious repercussions, including being reprimanded by his employer and/or the termination of his employment. As a result of Defendant's incessant calls, Plaintiff has suffered from extreme mental distress, including but not limited to embarrassment, humiliation, emotional distress, anguish, mental suffering, stress, aggravation, anguish, and anxiety.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(3) of the FDCPA by placing collection calls to Plaintiff's place of employment despite knowing or having reason to know that Plaintiff's employer prohibited such calls;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person

        in connection with the collection of a debt;

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

19. Defendant's violations of the FDCPA were willful and knowing.

20. As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff has been damages in amounts which are subject to proof.

21. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

22. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

23. Plaintiff is entitled to recover his costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

   WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the

circumstances;

    c. Defendant violated §1788.12(a) of the RFDCPA by communicating with Plaintiff's employer regarding Plaintiff's alleged debt;

    d. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

26. Defendants' violations of the RFDCPA were willful and knowing.

27. As a direct and proximate result of Defendants' violations of the RFDCPA, Plaintiff has been damaged in amounts that are subject to proof.

28. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.30(a).

29. Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.30(b).

30. Plaintiff is entitled to recover his attorney's fees and costs pursuant to Civil Code § 1788.30(c).

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

31. For actual damages according to proof;

32. For statutory damages to the extent permitted by law;

33. For pre-judgment interest to the extent permitted by law;

34. For injunctive relief as permitted by law;

35. For an award of his attorney's fees, costs and expenses incurred in the investigation, filing, and prosecution of this action; and

36. For such other and further relied as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: April 15, 2016                WESTGATE LAW


By: /s/ Matthew A. Rosenthal    _
Matthew A. Rosenthal
Attorney for Plaintiff

COMPLAINT